# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RENITA L. BAILEY, individually and as the representative of a class of similarly situated individuals,** | Case No. 1:20-cv-7448 |
| Plaintiff, | Hon. _____ |
| v. | (Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2020CH06846) |
| **MV TRANSPORTATION, INC.** | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant MV Transportation, Inc., ("MVTI" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based upon jurisdiction a federal question, pursuant to 28 U.S.C. §§ 1331 and 1446. In support of its Notice of Removal, Defendant states the following:

*Background*

1. On August 11, 2020, Plaintiff Renita L. Bailey ("Plaintiff") first filed a putative class action complaint (the "Initial Complaint") in the Cook County Circuit Court, captioned *Renita L. Bailey, individually and as the representative of a class of similarly situated persons v. MV Transportation, Inc.,* Case No. 2020CH05336 (the "Initial Action"). The Complaint alleged two counts for violation of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA").

2. Defendant was served with a copy of the Summons and the Initial Complaint on August 14, 2020.

3. On September 11, 2020, Defendant removed the Initial Action from the Circuit Court of Cook County, to the U.S. Northern District of Illinois. (*See* Case No. 20-cv-05375, Dkt. No. 1.)

4. The Initial Action was assigned to the Honorable Judge Steven C. Seeger. (Case No. 20-cv-05375, Dkt. No. 8.)

5. On September 15, 2020, the Court entered an order requiring Plaintiff to show cause for venue in the Northern District of Illinois. (Case No. 20-cv-05375, Dkt. No. 17.) On September 28, 2020, Plaintiff filed a Response to the Court's order to show cause for venue. (Case No. 20-cv-05375, Dkt. No. 13.) On October 16, 2020, Defendant filed a Reply. (Case No. 20-cv-05375, Dkt. No. 19.)

6. Additionally, on October 16 and 19, 2020, Defendant filed both a Motion to Dismiss, and a Motion to Strike Class Allegations. (Case No. 20-cv-05375, Dkt. Nos. 21, 22, 24, and 25.) In its briefing, Defendant raised the issue that Plaintiff was at one point included in a bargaining unit, and as a result, a federal question existed under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as to whether the Union consented to the alleged collection and retention of biometric data on Plaintiff's behalf. (*See Id.*)

7. Rather than respond to Defendant's arguments, on November 17, 2020, Plaintiff voluntarily dismissed Case No. 20-cv-05375. (Case No. 20-cv-05375, Dkt. No. 30.)

8. Plaintiff then subsequently filed another, similar complaint in the Circuit Court of Cook County.

*The State Court Action*

9. On November 18, 2020, Plaintiff Renita L. Bailey ("Plaintiff") filed her second putative class action complaint (the "Complaint") and Motion for Class Certification ("Motion to

2

Certify") in the Cook County Circuit Court, captioned *Renita L. Bailey, individually and as the representative of a class of similarly situated persons v. MV Transportation, Inc.,* Case No. 2020CH06846 (the "Action"). The Complaint alleges two counts for violation of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA").

10. This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint and this case becoming removable, as permitted by 28 U.S.C. § 1446(b).

11. Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "All persons: (1) whose fingerprint, fingerscan, or other biometric identifier or biometric information was collected, captured, or otherwise obtained by MV Transportation within the State of Illinois; and 2) who was not included within, covered by, or subject to a collective bargaining agreement at that time." (the "Class"). (**Exhibit 1**, Compl. ¶ 28.) Plaintiff states that she does not intend to "include within this lawsuit any person's potential claim for any violation of BIPA that may have occurred at any time when that person was included within, covered by, or subject to a collective bargaining agreement". (*Id.*)

12. Plaintiff alleges that Defendants violated her rights and the rights of the Class under BIPA by:

- Failing to make a written policy with retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store publicly-available to Plaintiff and the Class in violation of 740 ILCS 14/15(a) (*See Id.*, ¶ 42.);

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, in violation of 740 ILCS 14/15(b)(1) (*See Id.*, ¶ 44(i));

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometrics were being captured, collected, stored, and used, in violation of 740

3

      ILCS 14/15(b)(2) (*See Id.*, ¶ 44(ii)); and

- Failing to first obtain written releases executed by Plaintiff and the Class in violation of 740 ILCS 14/15(b)(3) (*See Id.*, ¶ 44(iii)).

13. Plaintiff seeks class certification, a finding that MVTI violated BIPA, liquidated monetary damages on behalf of herself and the Class for each time MVTI collected, captured, or otherwise obtained biometric identifiers or information of herself and the Class in violation of BIPA, injunctive relief, and reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses. (*Id.*, Prayer for Relief.)

### *Jurisdiction and Venue*

14. Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

15. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), pursuant to 28 U.S.C. § 1331, because it is a civil action that presents a federal question.

### *Federal Question Jurisdiction*

16. The Court has original jurisdiction of this matter under 28 U.S.C. § 1331 because there is a federal question as to whether Plaintiff's own claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498-499 (7th Cir. 1996).

17. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

29 U.S.C. § 185(a). To ensure uniform interpretations of a CBA, federal law preempts the use of state contract law in the interpretation and enforcement of a CBA. *See Lingle v. Norge Div. of Magic Chef Inc*., 486 U.S. 399, 411 (1988).

18. "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 499 (7th Cir. 1996); *see also Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 797 (7th Cir. 2013) (Section 301 preemption "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract.")

19. The Seventh Circuit recently affirmed the application for Section 301 preemption to BIPA claims brought by unionized employees. *See Miller v. Southwest Airlines*, Co., 926 F.3d 898 (7th Cir. 2019) (holding that BIPA claims are preempted by the Railway Labor Act.); *see also Fernandez v. Kerry, Inc.*, Case No. 17-c-8971, 2020 WL 1820521, at *6 (N.D. Ill. Apr. 10, 2020) ("[T]he important point [in *Miller*] is that the Seventh Circuit has concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement."); *Gray v. Univ. of Chi. Med. Ctr., Inc.*, Case No. 19-cv-04229 2020 WL 1445608 (N.D. Ill. Mar. 25, 2020) (applying *Miller* and holding that BIPA claims are preempted by the LMRA); *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 19-c-2942, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020) (same.)

1. Plaintiff was hired by MVTI on October 9, 2019 at its Division 36 in Peoria, Illinois. (**Exhibit 2**, Pereira Decl., ¶ 5.) Ms. Bailey was initially hired as a Driver on or about October 9, 2019. On or about December 19, 2019, Ms. Bailey was promoted to the current position

of Payroll Clerk. Ms. Bailey has been furloughed since May 22, 2020. (*Id.*)

20. At all times from September 1, 2019 to November 30, 2022, a collective bargaining unit has been in place at Division 36 - the Labor Contract between MVTI and Local No. 416 of the Amalgamated Transit Union (the "Division 36 CBA"). (Ex. 2, Pereira Decl., ¶ 7.) Plaintiff was a member of this bargaining unit, joined Local No. 416, and authorized the deduction of union membership dues, including initiation fees as well as currently monthly dues and assessments of Local No. 416 from her wages. (Ex. 2, Pereira Decl., ¶¶ 7, 10.) The Division 36 CBA provides for Management Rights, including MVTI's sole and exclusive right to manage its business. (Ex. 2, Pereira Decl., ¶ 9.)

21. MVTI first began to implement electronic timekeeping systems at its locations in Illinois in July 2019. (Ex. 2, Pereira Decl., ¶ 11.)

22. In order for this Court to determine whether Plaintiff can prevail on her claims under BIPA, the Court would be required to construe the terms of the applicable CBA to determine whether MTVI satisfied BIPA's requirements, including whether any consent by the Union on behalf of Plaintiff remained effective even after she was promoted out of the bargaining unit. *See Crooms v. Southwest Airlines Co.*, 459 F.Supp.3d 1041, 1045 (N.D. Ill. 2020).

23. Therefore, there exists a federal question as to whether Plaintiff's BIPA claims are completely preempted by Section 301 of the LMRA.

24. Moreover, approximately 248 current employees and/or former employees at seven of MVTI's 13 divisions located within Illinois have enrolled to use the fingertip scanning software to date. (Ex. 2, Pereira Decl., ¶ 12.) MVTI's records reflect that of these 248 individuals, only 27 are non-bargaining unit employees. (Ex. 2, Pereira Decl., ¶ 13.) However, this figure includes individuals, who, like Plaintiff, were at one time in a bargaining unit and covered by the terms of

6

a collective bargaining agreement, even if not presently subject to the terms and conditions of such an agreement. (*Id.*)

25. Therefore, as with Plaintiff's own BIPA claims, there exists a federal question as to whether the claims of other putative class members are pre-empted by the LMRA.

*Compliance With Procedural Requirements*

26. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Complaint on November 20, 2020.

27. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Renita Bailey as required by 28 U.S.C. § 1446(d), through her attorneys, Phillip A. Bock, David M. Oppenheim, Molly E. Stemper, of Bock, Hatch, Lewis & Oppenheim, LLC, 134 N. La Salle Street, Suite 1000, Chicago, IL 60602, service@classlawyers.com.

28. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

29. Defendant MVTI files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant MV Transportation, Inc., hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: December 16, 2020	Respectfully Submitted,

*/s/ Jennifer L. Jones*
Patricia J. Martin, ARDC #6288389
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
pmartin@littler.com
Phone: 314-659-2000

Jennifer L. Jones, ARDC # 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
jeljones@littler.com
312-372-5520
*Attorneys for Defendant MV Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jennifer L. Jones, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via e-mail on December 16, 2020:

Phillip A. Bock
David M. Oppenheim
Molly E. Stemper
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
service@classlawyers.com

*/s/ Jennifer L. Jones*
One of Defendants' Attorneys